IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORNELIUS THOMAS, #279753,    ) | |
| )    | |
| Plaintiff,    ) | |
| )    | |
| v.    ) | CIVIL ACTION NO. 2:12-CV-707-TMH |
| )    | [WO] |
| )    | |
| STATON HEALTH CARE, et al.,    ) | |
| )    | |
| Defendants.    ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 17, 2012, Cornelius Thomas ["Thomas"], a state inmate, filed the instant case in which he challenges the medical treatment provided to him for a hernia. At the time he filed this complaint, Thomas did not pay the requisite $350.00 filing fee nor did he submit an affidavit in support of a motion for leave to proceed *in forma pauperis*. In light of the foregoing, the court did not have the information necessary to determine whether Thomas should be allowed to proceed *in forma pauperis* and therefore entered an order requiring that Thomas either pay the requisite filing fee or provide the court with the necessary financial information. *Order of August 20, 2012 - Doc. No. 2* at 1-2. Thomas had until September 10, 2012, to file a response to this order. *Id*. The court provided Thomas with a copy of the standard *in forma pauperis* application and specifically cautioned Thomas that his failure to comply with this order would result in a Recommendation that this case be dismissed. *Id*. at 2.

In addition, upon review of the complaint, the court deemed it necessary that Thomas file an amendment to his complaint which named as defendants those individuals actually responsible for

the medical treatment provided to him. *Order of August 20, 2012 - Doc. No. 3* at 1-2. This order provided detailed instructions regarding the information which should be provided in the amendment to the complaint. *Id*. The court advised Thomas that the information sought via the amendment was "necessary to the proper disposition of this case" and "cautioned [Thomas] that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed." *Id*. at 2. The court provided Thomas with a copy of the form complaint utilized by prisoners in this district. *Id*. The time allowed Thomas to file the requisite amendment to his complaint expired on September 10, 2012. *Id*. at 1.

Thomas has failed to pay the filing fee or submit an application to proceed *in forma pauperis* within the time allowed by this court. In addition, Thomas has failed to an amendment to his complaint. The court therefore concludes that the instant cause of action should be dismissed without prejudice. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what her complaint should contain...." ).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to submit the filing fee or requisite financial information and his failure to file an amendment to the complaint as directed by the orders of this

court.  It is further

ORDERED that on or before November 7, 2012, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 24th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE